(No. 87-CC-2988—

FRANK W. MACK, Individually and as Administrator of the Estate of JUDITH A. MACK, deceased, DOUGLAS MACK, KIMBERLY MACK and ASHLEY MACK, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 26, 1995.*

*Order filed May 13, 1996.*

RYAN & RYAN, for Claimants.

JIM RYAN, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

This claim arose as a result of a traffic accident which occurred on September 5, 1986, on Illinois Route

60. Judith Mack, age 45, was killed when her vehicle collided with a tree. Prior to the collision, Mrs. Mack's vehicle had left the highway as she was traveling east on Illinois Route 60 at the overpass for Illinois Tollway Route 294 in Lake County, Illinois. At that location, Illinois Route 60 had two lanes for eastbound traffic as it approached and crossed the overpass of Tollway 294. The posted speed limit was 55 m.p.h. Eastbound traffic traveled on an incline until reaching the crest of the overpass, and it then declined as the road sloped downward. After crossing the overpass, the curb lane ended with the road tapering from right to left, forcing cars to merge from the curb lane into the lane closest to the center of the street. Next to the paved portion of eastbound Route 60, there was a concrete gutter and gravel shoulder which had deteriorated. Large pieces of the concrete gutter were broken up or missing entirely. These conditions created a drop-off from the paved portion of the roadway which varied in height depending on the location.

As Mrs. Mack crossed over the overpass, she was prevented from being able to merge immediately into the center lane of traffic because there was a vehicle close behind her in that lane of traffic. This vehicle was being driven by Antonio Ortiz. Mrs. Mack's vehicle partially left the roadway. The evidence appears to be uncontradicted that Mrs. Mack attempted to return to the roadway. As she did so, eyewitness testimony of Ortiz established that her tire struck an area where the gutter was missing. Subsequently, Mrs. Mack's vehicle collided with the tree, and she received injuries which caused her death.

The Claimants have urged this Court to find liability on the part of the State based on several alleged defects in the highway. These included the missing gutter previously referred to; the fact that the taper, or that portion of

the roadway in which the two lanes merged into one, was too short; that the speed limit was greater than the State's safety standards allowed; and that a warning sign encountered prior to the area in question was turned upside down.

This case involves highly contested facts presented by zealous advocates for both sides, as it should be. However, this Court is required to make certain findings of fact prior to applying the applicable standards of law in order to resolve this claim.

We find that Mrs. Mack did indeed lose control of her car as a result of attempting to return to the roadway. We further find that the loss of control was caused by her tire striking an area where the concrete gutter was entirely missing. We further find that it was probable that the drop-off in that area was six to eight inches. In making these determinations, we give greater credibility to the eyewitnesses than we do to any of the various accident reconstruction experts and police officers who testified but were not actual eyewitnesses.

In addition, we find that the tapered section of the highway was indeed too short, and it was in fact a defect. We further find that the State had constructive notice of both the missing concrete gutter and the problems regarding the taper.

The issues regarding the speed limit and the sign are much more difficult to resolve. Because we have resolved the issues regarding the taper and the missing concrete gutter, we need not resolve the issues of whether the speed limit was excessive; whether the sign was a defect; and if the State had constructive notice of that defect.

We further find that it was entirely reasonable to assume that vehicles would leave the roadway in the area

involved due to the fact that two lanes were merging into one, and that the area given to drivers in order to accomplish this merger was insufficient.

This Court has considered numerous claims involving alleged defective shoulders. The great majority of these claims have been denied. The Court thoroughly reviewed the law regarding defective shoulders in *Siefert v. State* (1989), 42 Ill. Ct. Cl. 8. There, this Court pointed out that, with only one exception, every such claim brought to the Court of Claims prior to *Siefert* had been denied. The majority of these denied claims were denied on the basis that a simple difference in the level of the shoulder from the roadway would not be considered negligent maintenance or a defect in the highway. In addition, many of these cases considered factual situations in which a driver who had left the roadway was attempting to re-enter the roadway. It should be noted, however, that most of those cases were decided in an era where contributory negligence was an absolute bar to recovery.

In *Siefert*, we granted an award even though the driver attempted to return his vehicle to the highway in violation of several known safety standards. This is a factually similar situation to the one we face in this claim. We find that Mrs. Mack's attempt to return to the highway prior to slowing sufficiently was contributory negligence. We further find the percentage of her comparative fault to be 49 percent. Unlike the earlier cases that this Court has decided in which contributory negligence was a bar, we can apply further standards of law to determine if an award is warranted in this case.

We further find that the defect in this case—a missing section of concrete gutter—is a significantly greater defect than a simple difference in level between a paved highway and a shoulder, whether paved or unpaved. It is reasonable

to assume that chunks or sections of missing concrete will cause a significantly greater impact on a vehicle striking it than a simple difference in the level of the roadway. We therefore find that the combination of the insufficient taper and the missing concrete gutter is a defective condition for which the State could be found liable.

In *Peterson v. State* (1984), 37 Ill. Ct. Cl. 104, this Court considered the effect of comparative fault on an award in the Court of Claims. In that case, the Court established the total damages to be $500,000. The Court further assessed the deceased with 60 percent of the negligence, thereby establishing damages of $200,000. The Court there found that there was only one claim to be decided, unlike the present situation in which we have five distinct claims before the Court. The Court therefore applied the statutory $100,000 limit and awarded that amount.

Mrs. Mack was a 45-year-old homemaker with three children. Her husband and each of her children have filed a wrongful death claim. Based on the facts before the Court, they have each established damages in the amount of $100,000. The estate of Mrs. Mack has filed a survival action. We find that there was insufficient evidence before this Court to establish conscious pain and suffering by Mrs. Mack after the accident. Therefore, we deny the claim of the estate because the Claimants failed to prove the elements of damage by a preponderance of evidence. We find liability for each of the four individual Claimants on the wrongful death action. We establish damages in the sum of $100,000 each. That results in a total finding of damages in the sum of $400,000. Applying the 49 percent comparative negligence of Mrs. Mack, we reduce that figure by $196,000. We hereby award each of the four Claimants the figure of $51,000 each.

## ORDER

Patchett, J.

The Court filed an opinion on October 26, 1995, granting judgment for the Claimants. The Respondent filed a motion to reconsider on November 22, 1995. In the motion the Respondent also asked for additional time to file a brief in support of said motion. The Court has not addressed that request. However, the Court is not convinced that the filing of a brief by the Respondent would be of help in deciding the issues raised by the motion.

The Court has reviewed the file and its opinion carefully. The Court sees no reason to alter its earlier ruling. Therefore, the motion to reconsider is denied.

The Claimant has filed a petition for costs. That petition is denied.

The Claimant has also filed a petition to allow one-third contingency fee plus costs. It appears that the Claimants in this case entered into a contract with their attorneys for a one-third fee. The Court of Claims Act does not normally allow a one-third contingent fee. The Court has considered the amount of work and difficulty involved in this claim. Considering the volume of work and the difficulty involved, the Court is going to allow a one-third contingency fee for three of the Claimants. The evidence, however, clearly established that Kimberly Mack, one of the Claimants who was awarded a judgment, is an incompetent. Since it is unlikely that she knowingly entered into a contract providing for one-third fees, the fees for Kimberly Mack will be set at 25% of the award. Fees for the remaining three Claimants will be set at one-third. The expenses will be allowed to be recovered in an equal amount from each Claimant.